UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ANIMALE GROUP, INC. <br> and ANIMALE GROUP, S.A.; <br>       *Plaintiffs*, <br> v. <br><br> SUNNY'S PERFUME, INC.; SUNIL KUMAR TYAGI; BARAT GERA; PARFUMS CLANDESTINE PARIS; JOHN DOES 1-15; and XYZ CORPS. 1-15; <br>       *Defendants.* | § <br> § <br> §   CIVIL ACTION NO. 5:07-CV-13 <br> § <br> § <br> §   HON. MICAELA ALVAREZ <br> § <br> § <br> § <br> § <br> § |

**PLAINTIFFS' MOTION FOR CONTINUANCE TO CONDUCT JURISDICTIONAL DISCOVERY, OR, IN THE ALTERNATIVE, RESPONSE TO DEFENDANTS BARAT GERA AND PARFUMS CLANDESTINE PARIS' EMERGENCY MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COME NOW, Plaintiffs' Animale Group, Inc. and Animale Group, S.A. (collectively "Animale" or "Plaintiffs") and file this their Motion for Continuance to Conduct Jurisdictional Discovery, or, in the Alternative Response to Defendants' Barat Gera and Parfums Clandestine Paris' (collectively "Gera/PCP") Emergency Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), and, in support thereof, respectfully state the following:

**I.
INTRODUCTION AND BACKGROUND FACTS**

1.     This is a trademark infringement case seeking injunctive relief and compensatory remedies for Defendants sale of products bearing Animale Marks. Specifically, Animale filed suit against Gera/PCP, Defendants Sunil Kumar Tyagi, Sunny's Perfumes, Inc. and other as yet unidentified Defendants John Does 1-15 and XYZ Corp. 1-15 for trademark counterfeiting, trademark infringement, unfair competition/false designation of origin and trademark dilution arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the

Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984) and the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996) (the "Lanham Act"), and for trademark and trade name infringement, unfair competition, dilution and deceptive acts and practices under the laws of the State of Texas. Defendants' violations of the foregoing involve their recently discovered activities concerning the importation, offer for sale and sale of perfumes bearing counterfeits of Animale's federally registered trademarks, including ANIMALE.

2.      Gera/PCP's Emergency Motion to Dismiss for Lack of Personal Jurisdiction is premature. The parties are currently engaged in jurisdictional discovery that will assist the Court and parties in reaching a determination upon a more complete record. Accordingly, Plaintiffs ask the Court to continue any hearing or consideration of Gera/PCP's Motion until adequate discovery into these Defendants contacts with the forum state may be obtained. Since Plaintiffs have already served Gera/PCP with jurisdictional written discovery, the delay related to this discovery will not be undue.

3.      Alternatively, at the show cause hearing on Animale's application for Temporary Injunction, conducted on February 6, 2007, Gera/PCP made an appearance in this matter and then filed an Emergency Motion to Dismiss for Lack of Personal Jurisdiction, asserting that because both Barat Gera and Parfums Clandestine Paris are domiciled in the State of New York and allegedly conduct all of their business from New York, they lack the necessary minimum contacts to establish personal jurisdiction in Laredo, Texas. At that time, since the Motion was untimely, the Court refused to rule on the Motion. The Court also noted that Gera/PCP had failed to give proper notice to Plaintiffs of the filing of the Motion.[1] Because there is sufficient

---

[1] Gera/PCP also failed to contest the previously entered TRO or show cause why a preliminary injunction should not be entered.

basis for this Court to exercise personal jurisdiction over Gera/PCP, the Motion should be denied.

4.  Under local rules, the Gera/PCP Motion will be submitted to the Court on February 26, 2007, twenty days after filing. This Response and Motion for Continuance is filed on February 26, 2007.

## II.
## MOTION FOR CONTINUANCE

5.  Although there is evidence that Gera/PCP has sufficient minimum contacts with Texas, Plaintiffs nevertheless request a continuance of any hearing or ruling on Gera/PCP's Emergency Motion to Dismiss for Lack of Personal Jurisdiction in order to finish the jurisdictional discovery that has already begun. Plaintiffs have already served Gera/PCP with jurisdictional written discovery and Gera/PCP have already agreed to provide their depositions to address these issues, so the delay related to this discovery will not be undue. Allowing time for full discovery on the jurisdictional issues will assist the Court and parties and will lead to a complete record.

6.  In resolving a jurisdictional issue, the court may review pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc.,* 963 F.2d 90, 95 (5th Cir. 1992). Discovery in this case is in its infancy, however, and Plaintiff should be allowed to obtain discovery from Gera/PCP to establish personal jurisdiction by rebutting the facts contained in these Defendants' affidavits in support of the Motion to Dismiss.

7.  Plaintiffs recently propounded written discovery on Defendants Gera/PCP to address the jurisdictional issues. The expedited deadline to respond to this discovery, however, has not yet passed as of the date of the filing of this motion and response. Additionally,

Defendant Gera and the principal for PCP have also agreed to provide their depositions to address these jurisdictional issues. These depositions, although not yet formally scheduled, will hopefully take place in the next few weeks.

8. While jurisdictional discovery has been served on Gera/PCP, the evidence produced so far clearly indicates that Gera and PCP have brokered the shipment of perfume to Laredo, Texas in 3.3 ounce bottles. The testimony indicated that 3.3 ounce bottles are one of the sizes of bottles that the documents produced indicate were used to sell the counterfeit Animale product in Laredo. Gera has also disclosed that he visited Laredo, Texas for business purposes, presumably for the sale of perfumes, an industry in which he does business. Evidence produced to-date in both this action and the parallel action in the Southern District of New York shows that PCP and Perfume Network, a defendant in the New York action and the company that Sunny's contends provided Animale product (and numerous other products) to Sunny's, share the same business address in New York and that Gera has been involved in shipments and sales of perfume by Perfume Network. The documents seized from Sunny's also indicate that Sunny's received substantial shipments of Animale Products from Perfume Network. Tyagi testified that he understood that Bharat Gera and Harry Gera, the owner of Perfume Network, are brothers. Finally, court filings from Federal Courts in New York[2] and Florida[3] indicate that the Gera brothers and their companies have been involved in previous litigation relating to the sale of counterfeit perfumes. Plaintiffs believe that discovery will further reveal that both Gera and PCP are central to the perfume counterfeiting activities in Laredo, Texas and reveal additional evidence relating to their further contacts in Laredo and other Texas cities.

---

[2] *Compagnie Francaise de Commerce International, S.A. et al. v. Bharat B. Gera, Gera Distributors U.S.A. G.D. et al.*; Cause No. 89-cv-8555; United States District Court, Southern District of Texas.

[3] *Cathy Carden, Inc. v. Harban Lal Gera, Laredo Perfumes, Inc. et al.*, Cause No. 1:93-cv-02344-ASG; United States District Court, Southern District of Florida.

9. This relief is not sought for purposes of delay, but so that justice may be done.

## III.
## RESPONSE TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

10. There is evidence that Gera/PCP have been involved in at least one shipment to Texas to the Defendants alleged to be Co-Counterfeiters. Because Gera/PCP has been involved in the sale and/or importation of products in the state of Texas, there is sufficient minimum contacts with the state to warrant the exercise of personal jurisdiction over these defendants and to establish that fair play and substantial justice are best served by this Court maintaining personal jurisdiction over Gera/PCP.

11. Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. *Id.* This court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction. *Id.* In other words, the jurisdictional allegations set forth in the complaint must be taken as true and any conflicts in the evidence must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

### A. *Gera/PCP Has Sufficient Minimum Contacts with Texas.*

12. The Lanham Act does not authorize nationwide service of process. Therefore, "defendants are amenable to the personal jurisdiction of a federal court to the same extent permitted a state court where the federal court sits." *Mid City Bowling Lanes & Sports Palace, Inc. v. Ivercrest, Inc.*, 35 F.Supp.2d 507, 509 (E.D. La. 1999), aff'd, 208 F.3d 1006 (5th Cir. 2000), quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983). Texas law provides that personal jurisdiction in the state is determined by the same guidelines established

by the Due Process Clause of Fourteenth Amendment. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir.1999) (noting that because Texas's long-arm statute is coextensive with requirements of the 14th Amendment, the personal jurisdiction analysis may be collapsed into a due process inquiry). The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. Id. at 414, 104 S.Ct. 1868 n. 9. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414, 104 S.Ct. 1868 n. 8. In *Nuovo Pignone v. STORMAN ASIA M/V*, 310 F.3d 374 (5th Cir. 2002), the Fifth Circuit consolidated the personal jurisdiction inquiry into a convenient three-step analysis: "(1) whether the defendant . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Id.* at 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

13.     Placing a product into the stream of commerce, at least where the defendant knows the product will ultimately reach the forum state, may rise to the level of "purposeful availment." *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 470 (5th Cir. 2006). The

6

appellate courts have consistently held that "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 111, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)); *Bean Dredging Corp. v. Dredge Tech. Corp.*, 744 F.2d 1081 (5th Cir. 1984). The Fifth Circuit follows the rule of *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), which holds that a state does not offend due process by exercising jurisdiction over an entity that "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." Contacts that are isolated or sporadic may support specific jurisdiction if a substantial connection with the forum state is created. *See Burger King*, 471 U.S., at 472, *supra*. Further, a single sale of a trademarked product in violation of the Lanham Act in the forum is sufficient to establish personal jurisdiction. *Sinko v. St. Louis Music Supply Co.*, 603 F. Supp. 649 (W.D. Tex. 1984); *Finck Cigar Co. v. El Duque Group, Inc.*, No. Civ. A. SA99CA0817EP, 2001 WL 33348253, at *1 (W.D.Tex. May 12, 2000). Where a defendant knowingly benefits from the availability of a particular state's market for its products, it is only fitting that the defendant be amenable to suit in that state. *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 199-200 (5th Cir. 1980). Applying the Fifth Circuit's "mere foreseeability" test to the facts of this case, it is clear that Gera/PCP's contacts with Texas are sufficient to withstand constitutional scrutiny.

14.     As the sole basis to defeat jurisdiction, Gera/PCP claim that Plaintiffs' allegations in Para. 10-11 of their Original Complaint are false. However, as noted, this Court must take these allegations as true under its analysis. Plaintiffs contend that Gera/PCP, acting in concert

with Defendants Sunny's Perfume, Inc. and Sunil Kumar Tyagi, among other as yet unidentified parties, has been selling counterfeit Animale products from their store locations in Laredo, Texas. Gera/PCP admits that it contracted to ship products to Defendant Sunny's Perfume on behalf of Premier Brands, and those products are alleged to be counterfeit by Plaintiffs, facts which alone should establish sufficient minimum contacts with Texas. *See Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001)(holding that making a single phone call and mailing allegedly fraudulent materials to the forum state was sufficient to establish minimum contacts necessary for personal jurisdiction.)

15. Furthermore, in the affidavit of Bharat Gera, Gera/PCP admit that they serve as brokers for Premiere Brands, which shipped goods directly to Defendant Sunny's Perfumes, Inc. It has already been determined that Defendant Sunny's Perfumes, Inc. traffics in counterfeit merchandise alleged to be genuine Animale product. Sunny's and Tyagi also contend that Perfume Network, which shares a business address with PCP, and its owner, Harry Gera (Gera's brother), supplied the counterfeit Animale product to Sunny's. Finally, Gera is no stranger to counterfeiting claims since he has been sued on these grounds at least twice in Federal Court.

16. Therefore, Gera/PCP has sufficient minimum contacts to justify the exercise of personal jurisdiction over them by this Court.

    **B.**    *Fair Play and Substantial Justice Warrant Personal Jurisdiction Over Gera/PCP in Texas.*

17. When analyzing whether or not the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice, "[a] court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief, and it must also weigh in its determination 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in

8

furthering fundamental substantive social policies." ' *Asahi Metal Industries Co., Ltd.*, 480 U.S., at 113 (quoting *World-Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. at 564), *supra*.

18. Texas has a substantial interest in determining the merits of this case, because Gera/PCP, along with the other named Defendants have actively sold large volumes of counterfeit goods within the forum. Further, a substantial number of the counterfeit sales giving rise to Plaintiffs' claims, and thus a substantial number of the events and actions giving rise to Plaintiffs' claims, occurred in Texas. *Id.* A majority of the witnesses are in Texas. *Id.* Therefore, fair play and substantial justice warrant the Court's exercise of personal jurisdiction over Gera/PCP.

19. In his affidavit, Bharat Gera, the President of Parfums Clandestine Paris, Inc. offers nothing more than Gera/PCP's residence in New York and the fact that business records are housed there to establish that it would be unduly burdensome for the case to be tried in Texas. *See Bharat Gera Affidavit*, para. 9, attached to Gera/PCP Motion to Dismiss. He fails to cite any witnesses other than himself located in New York. He fails to offer any evidence to contradict the fact that the majority of the counterfeit sales involved in this action occurred in Laredo, Texas, or that such products were delivered or distributed to or from Laredo, Texas. Mr. Gera does admit that Gera/PCP serve as brokers for Premier Brands, which either directly or through affiliates, regularly conducts business in Texas. Therefore, assuming all evidence in support of personal jurisdiction, fair play and substantial justice warrant this Court's exercise of personal jurisdiction over Gera/PCP.

C. ***Gera/PCP Waived any Objection to Personal Jurisdiction.***

20. Personal jurisdiction is a privilege that may be waived by failure to timely assert such an objection, by formal submission in a cause, or by submission through conduct. *Neirbo*

*Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153 (1939). Here, Defendants Gera/PCP waived any possible objection to personal jurisdiction by their conduct. Specifically, Defendants Gera/PCP participated in an injunctive hearing and made no objections at that time to lack of jurisdiction over their person, thereby waiving any objection to personal jurisdiction. Defendants Gera/PCP fully participated in the temporary injunction hearing by cross examining witnesses and making arguments all in hopes that Plaintiffs' request for injunctive relief would be denied.

21.    A party who participates in an injunction proceeding, without making the appearance subject to an objection to personal jurisdiction, "must be deemed to have waived the defense of lack of personal jurisdiction." *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543, 547 (3rd Cir. 1967); *Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*, 869 F.Supp. 35, 38-39 (D.D.C. 1994); *Backo v. Local 281, United Brotherhood of Carpenters and Joiners of America*, 308 F.Supp 172, 176 (N.D.N.Y. 1969).

22.    Similarly, a non-party who files an opposition to a temporary restraining order and participates in the temporary restraining order hearing has come voluntarily into the court and thus waived any objection to personal jurisdiction. *Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773, 786-87 (5th Cir. 1990), *cert. denied*, 498 U.S. 926, 111 S.Ct. 307 (1990) (citation omitted). Although plaintiffs filed suit only against the Attorney General of Texas, thirty-three attorneys general joined the Attorney General of Texas in asking the district court to deny the injunction. *Id.* The Fifth Circuit found that these thirty-three attorneys general had therefore waived any objection to personal jurisdiction by participating in the temporary restraining order hearing and by seeking relief in the form of dismissal of the injunctive action. *Id.*

23. At the temporary injunction hearing, Defendants Gera/PCP sought relief by cross examining witnesses and asking the Court to deny the injunction. During this hearing, Defendants Gera/PCP never raised an objection to personal jurisdiction or expressly made any request or examination subject to such an objection. By their conduct, Defendants Gera/PCP accordingly waived any objection to personal jurisdiction.

24. Defendants Gera/PCP also waived any objection to personal jurisdiction by filing a Notice of Appeal [#25] affirmatively seeking relief from the Fifth Circuit, without reservation, and requesting that the Fifth Circuit reverse the District Court's granting of Plaintiff's temporary injunction. This is a further attempt by Defendants Gera/PCP to seek relief in the form of dismissal of the injunctive action. For this and the previous reasons set forth above, Defendants motion to dismiss for lack of personal jurisdiction should therefore be denied.

## IV.
## PRAYER

For these reasons, Plaintiffs respectfully request that the Court continue any hearing or ruling on such Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and allow Plaintiffs a reasonable opportunity and time to conduct jurisdictional discovery. In the alternative, respectfully request that the Court deny Gera/PCP's Motion to Dismiss for Lack of Personal Jurisdiction. Further, Plaintiffs' pray for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ L. Bradley Hancock
L. Bradley Hancock
State Bar No. 00798238
S.D. Texas Bar No. 21091
1000 Louisiana, Suite 1800
Houston, TX  77002
(713) 374-3500 (Telephone)
(713) 374-3505 (Facsimile)

ATTORNEY-IN-CHARGE FOR PLAINTIFF'S ANIMALE GROUP, INC. AND ANIMALE GROUP, S.A.

OF COUNSEL:

GREENBERG TRAURIG, L.L.P.

Roland Garcia
State Bar No.  07645250
S.D. Texas Bar No.  8420
Christopher C. Miller
State Bar No.: 24013163
S.D. Texas Bar No.  29716
Lionel Martin
State Bar No. 24037032
S.D. Texas Bar No.  33682
1000 Louisiana, Suite 1800
Houston, Texas  77002
(713) 374-3500 - Telephone
(713) 374-3505 - Facsimile

12

## CERTIFICATE OF CONFERENCE

I certify that I spoke with counsel for Bharat Gera and Parfums Clandestine Paris with respect to Plaintiffs' request for a continuance so that jurisdictional discovery could be conducted. Counsel indicated that we could not reach an agreement on the continuance since an asset freeze was in place. Since no agreement could be reached, Plaintiffs filed this Motion for Continuance.

      /s/ L. Bradley Hancock
      L. BRADLEY HANCOCK

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 26th day of February, 2007:

Adolfo Campero
Campero & Bacerra
315 Calle De Norte, Suite 207
Laredo, Texas 78041
*Facsimile: (956) 796-0399*

Baldemar Garcia
Person, Whitworth, Borchers & Morales, LLP
602 East Carlton Road
Laredo, Texas 78041
*Facsimile: (956) 727-2696*

      /s/ L. Bradley Hancock
      L. BRADLEY HANCOCK

## VERIFICATION

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned authority, on this day personally appeared L. Bradley Hancock, known by me to be the person whose name is subscribed to this affidavit, and after being duly sworn, stated that he is counsel for Plaintiffs' Animale Group, Inc. and Animale Group, S.A. in the above-referenced lawsuit, that he is fully authorized to execute this verification, and that the factual allegations contained within the Motion for Continuance are within his personal knowledge and are true and correct.

As indicated in paragraph 9 in the Motion for Continuance, It is expected that the jurisdictional discovery will show that Gera/PCP have continuous and systematic contacts with Texas, in both Laredo and other Texas cities.

_____
L. Bradley Hancock

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 26th day of February, 2007, to certify which witness my hand and seal of office.

_____
Notary Public in and for
The State of Texas

HOU 406097974v5 2/26/2007