O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ANIMALE GROUP, INC.; and <br> ANIMALE GROUP, S.A., <br> *Plaintiffs*, <br> <br> v. <br> <br> SUNNY'S PERFUME, INC.; SUNIL KUMAR TYAGI; BHARAT GERA; PARFUMS CLANDESTINE PARIS; JOHN DOES 1-15; and XYZ CORPS. 1-15, <br> *Defendants*. | § <br> § <br> § <br> §   CIVIL ACTION NO.  5:07-cv-13 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**OPINION & ORDER**

Pending before the Court is Plaintiff Animale's Motion for Certification of Immediate Appeal. [Dkt. No. 46]. Upon due consideration of Plaintiff's arguments and the governing law, the Court GRANTS Plaintiff's Motion.

### I.   PROCEDURAL BACKGROUND AND RELEVANT FACTS

Plaintiff Animale is a Florida corporation in the business of manufacturing and distributing perfumes. [Dkt. No. 29, ¶¶ 5, 17]. Sometime in 2006, Plaintiff began to suspect that Defendants were engaged in the distribution and sale of counterfeit Animale products. After preliminary investigation, Plaintiff, on February 25, 2007, filed suit against Defendants, asserting trademark infringement, among other causes of action. [Dkt. No. 29]. That same day, Plaintiff applied for a temporary restraining order, which the Court granted on February 26, 2007. [Dkt. No. 8]. The Court subsequently entered a preliminary injunction against all Defendants. [Dkt. No. 21].

Shortly thereafter, the Court considered Defendants PCP and Geras' Motion to Dismiss for Lack of Personal Jurisdiction, [Dkt. Nos. 18, 20], which the Court granted based on its finding that PCP and Gera lacked the requisite minimum contacts with Texas. [Dkt. No. 42]. On April 5, 2007, Plaintiff filed the Motion for Certification of Immediate Appeal now before the Court, arguing that it should be able to appeal the Court's dismissal of its claims against Defendants PCP and Gera *before* the suit proceeds to trial. [Dkt. No. 46].

## II.   DISCUSSION

Federal Rule of Civil Procedure 54(b) provides that:

> [w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

As the Fifth Circuit has stated, "a district court should grant certification [under Rule 54(b)] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1420-21 (5th Cir. 1996).

As is made obvious by a plain reading thereof, in order to enter final judgment per Rule 54(b) the district court must: (1) have disposed of one or more claims or parties; and (2) make "an express determination that there is no just reason to delay" the appeal of the issue in question until after all claims have been adjudicated. First, Defendants PCP and Gera have been completely disposed of as parties to this case, as the Court has found that it may not exercise *in*

*personam* jurisdiction over them. Second, there is "no just reason to delay" Plaintiff's appeal of that conclusion to the Fifth Circuit.

One would be hard-pressed to find a decision in which a court denied Rule 54(b) certification after dismissing a party for lack of personal jurisdiction. This is likely because of the implications of such a dismissal, implications presciently summarized by the Southern District of New York in an opinion worth quoting at length:

> If [plaintiff's] case against [the dismissed defendant was in fact] properly brought in this [c]ourt, a binding determination of [the] legal issues can be achieved in the same proceeding, without the risk of inconsistent results in two different courts. If [plaintiff's] position [that the district court's dismissal was erroneous] is ultimately sustained in the Court of Appeals, allowing an immediate appeal permits the case against [defendant] to proceed along with those against the other [defendants] in this Court.
>
> Conversely, if this [c]ourt's ruling on jurisdiction is affirmed, [plaintiff] would learn this result promptly, and could then either seek a transfer of venue in this Court, if appropriate, or file a new action in a district which has jurisdiction over [defendant.] Delaying resolution of the issue forces [plaintiff] to choose between deferring its claims against [defendant] to be resolved at a much later date, either in this Court or in some other district, or withdrawing its appeal, acquiescing in this Court's decision on personal jurisdiction, and proceeding simultaneously in two courts. This would not be in the interest of efficiency or justice, as compared with presenting the Court of Appeals with a relatively straightforward judgment about whether [defendant's] contacts with New York are sufficient to confer personal jurisdiction.

*Freeplay Music, Inc. v. Cox Radio, Inc.*, 2005 U.S. Dist. Lexis 22867 (S.D.N.Y. 2005). Other courts have reached this same result with virtual unanimity, *see Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 430 (D. Del. 2003); *Chamberlain v. Harnischfeger Corp.*, 516 F. Supp. 428 (E.D. Pa. 1981), including the Fifth Circuit, *see De Melo v. Woolsey Marine Industries, Inc.*, 677 F.2d 1030, 1031 (5th Cir. 1982) (Holding that because the district court dismissed a defendant for lack of personal jurisdiction, that dismissal "disposed of all claims against [the defendant, and] it clearly had the requisite finality to be appealable

under [Rule 54(b).]"). This result has been deemed particularly appropriate in this context since the initial appeal will resolve issues relevant to only the dismissed party, rather than substantive law issues relevant to the underlying suit; as such, the appellate process may be bifurcated, but not duplicative. *See Commissariat*, 293 F. Supp. 2d at 435 (Rule 54(b) certification appropriate because "the issue of personal jurisdiction . . . is plainly separable from [the] remaining claims . . . against the other defendants.").

Enabling Plaintiff to immediately appeal this Court's dismissal of Defendants PCP and Gera is in the interests of justice and sound judicial administration. Accordingly, Plaintiff's Motion for Certification of Immediate Appeal Pursuant to Rule 54(b), [Dkt. No. 46], is **GRANTED**. The Clerk of the Court is **ORDERED** to enter final judgment in favor of Defendants PCP and Gera. Of course, the final judgment will not apply to the remaining Defendants.

IT IS SO ORDERED.

Done this 5th day of July, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**